17-55374

_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

VICTORIA ROWELL,

*Plaintiff and Appellant*

v.

SONY PICTURES TELEVISION INC., SONY PICTURES ENTERTAINMENT INC., BELL DRAMATIC SERIAL COMPANY, L.P., BELL-PHILLIP TELEVISION PRODUCTION INC., CORDAY PRODUCTIONS, INC., AND CBS CORPORATION

*Defendants and Appellees.*

_____

On Appeal from the United States District Court
for the Central District of California
The Honorable John A. Kronstadt
Case No. 15-cv-02442 JAK (AGRx)

—————————————————————————————

## BRIEF OF APPELLEE BELL DRAMATIC SERIAL COMPANY, L.P.

—————————————————————————————

JEAN P. NOGUES (SBN 84445), jpn@msk.com
BRIAN M. RAGEN (SBN 275045), byr@msk.com
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
Attorneys for Appellee

BELL DRAMATIC SERIAL COMPANY, L.P.

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rules 26.1 and 28 of the Federal Rules of Appellate Procedure, the undersigned counsel for Bell Dramatic Serial Company, L.P., (a private non-governmental party) certifies that there is no parent corporation or publicly-held corporation that owns more than 10% of its stock.

# TABLE OF CONTENTS

Page

I. JURISDICTIONAL STATEMENT ................................................................. 1

    A.    District Court Jurisdiction ................................................................. 1

    B.    This Court's Jurisdiction ................................................................. 1

    C.    Timeliness of Appeal ................................................................. 1

II. ISSUES PRESENTED FOR REVIEW ................................................................. 1

III. STATEMENT OF THE CASE ................................................................. 1

IV. SUMMARY OF THE ARGUMENT ................................................................. 1

V. ARGUMENT ................................................................. 2

    A.    Ms. Rowell's Alleged "Direct Evidence" Argument Does Not Support a Retaliation Claim…………………………………………………………2

VI. CONCLUSION ................................................................. 5

9509437.3/45842-00004

# TABLE OF AUTHORITIES

Page(s)

CASES

*Broad v. Sealaska Corp.*,
85 F.3d 422 (9th Cir. 1997) ...................................................................................2

*Brooks v. City of San Mateo*,
229 F.3d 917 (9th Cir. 2000) .................................................................................4

*Bryant v. Technical Research Co.*,
654 F.2d 1337 (9th Cir. 1981) ...............................................................................2

*Coughlan v. Am. Seafoods Co.*,
413 F.3d 1090 (9th Cir. 2005) ............................................................................3, 4

*Nesbit v. Pepsico, Inc.*,
994 F.2d 703 (9th Cir. 1993) .................................................................................4

*United States v. Washington, Dep't of Fisheries*,
573 F.2d 1117 (9th Cir. 1978) ...............................................................................2

STATUTES

28 U.S.C. § 1291 ...................................................................................................1

OTHER AUTHORITIES

First Amendment....................................................................................................2

Fed. R. App. Proc. 4(a)(1)(A) ...............................................................................1

9509437.3/45842-00004

# I. JURISDICTIONAL STATEMENT

## A. District Court Jurisdiction

Appellee Bell Dramatic Serial Company, L.P. ("BDSC") agrees with

Appellant Victoria Rowell's ("Ms. Rowell") statement of the District Court's

jurisdiction over this matter.

## B. This Court's Jurisdiction

BDSC agrees that the judgment from which Ms. Rowell appeals is a final

decision and that this Court has jurisdiction.  28 U.S.C. § 1291.

## C. Timeliness of Appeal

BDSC agrees that this appeal is timely.  Fed. R. App. Proc. 4(a)(1)(A).

# II. ISSUES PRESENTED FOR REVIEW

BDSC joins in the Issues Presented for Review set forth in the Brief of

Appellees Sony Pictures Entertainment Inc., Sony Pictures Television Inc.

(collectively, "Sony"), and CBS Corporation ("CBS") (the "Sony and CBS Brief").

# III. STATEMENT OF THE CASE

BDSC joins in the Statement of the Case set forth in the Sony and CBS

Brief.

# IV. SUMMARY OF THE ARGUMENT

BDSC joins in the Summary of the Argument set forth in the Sony and CBS

Brief.

**V. ARGUMENT**

BDSC joins in the Argument set forth in the Sony and CBS Brief. BDSC respectfully requests that any order of the Court with respect to this appeal be ordered in favor of BDSC as well as Sony and CBS.

In addition to the arguments set forth in the Sony and CBS Brief, BDSC contends that the District Court correctly dismissed Ms. Rowell's claims for the following reasons.[1]

**A.      Ms. Rowell's Alleged "Direct Evidence" Argument Does Not Support a Retaliation Claim.**

Ms. Rowell argues that she has stated a viable retaliation claim because, she argues, there is "direct evidence" of retaliatory intent. *See* Appellant's Brief ("AB"), at p. 17.[2] Specifically, Ms. Rowell alleges that (1) "Lee Bell, co-creator of [*The Young and the Restless* ("*Y&R*")], told Rowell on June 27, 2010 that 'you've

---

[1] As the prevailing party in the District Court with respect to whether the First Amendment precludes her claims, Ms. Rowell lacks standing to raise this issue on appeal. *See*, *e.g.*, *Bryant v. Technical Research Co.*, 654 F.2d 1337, 1343 (9th Cir. 1981) ("To have standing to appeal, a party must be aggrieved by the district court order."); *United States v. Washington, Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978) ("The successful party below has no standing to appeal from the decree."). Thus, BDSC need not address, and has not addressed, Ms. Rowell's arguments with respect to the First Amendment.

[2] As noted in the Sony and CBS Brief, Ms. Rowell did not raise this argument in the District Court and therefore it is not properly raised on appeal. *See Broad v. Sealaska Corp.*, 85 F.3d 422, 430 (9th Cir. 1997).

2

upset a lot of people' in response to Rowell's request to return to the show" (AB, at p. 8; Second Amended Complaint ["SAC"] ¶ 53, Appellant Victoria Rowell's Excerpts of Record ["ER"] 0090); (2) Maria Arena Bell, who Rowell alleges was then the Executive Producer/Head Writer of *Y&R*, told Rowell, "'I'd like to bring you back, but it's complicated'" (AB, at p. 8; SAC ¶ 55, ER 0090); and (3) "Nelson Bronco, a journalist for TV Guide Canada, contacted Rowell, allegedly at Maria Bell's request, to inform her that Bell would work to return Rowell to Y&R if she would cease her outspoken campaign for diversity." (AB, at p. 8; SAC ¶ 55, ER 0090.)

In addition to the arguments raised in the Sony and CBS Brief, this argument fails as to BDSC for at least three reasons.

First, Ms. Rowell does not plead that Lee Bell or Maria Arena Bell are agents or employees of BDSC. Accordingly, even if their alleged statements could be construed as evidence of retaliatory intent (and BDSC submits they cannot be), after three attempts Ms. Rowell still has failed to allege any facts showing that BDSC can be held liable for those statements. This failure is fatal to Ms. Rowell's appeal. *See Coughlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) ("Direct evidence typically consists of clearly sexist, racist, or similarly discriminatory statements or actions ***by the employer***.") (emphasis added).

9509437.3/45842-00004

Second, Ms. Rowell does not plead that Lee Bell or Maria Arena Bell had any power or authority with respect to hiring for *Y&R*. Indeed, Ms. Rowell expressly alleges that she approached "top officials at CBS and Sony" in her efforts to return to *Y&R* because "[n]o lower official would have the authority to make that decision." (SAC ¶ 72, ER 0094.) Ms. Rowell's failure to plead that Lee Bell or Maria Arena Bell had any actual hiring authority with respect to *Y&R*—and her affirmative allegations that they **did not** have any such authority—make irrelevant any of their alleged comments. *See Coughlan*, 413 F.3d at 1095.

Third, regardless of whether Lee Bell and Maria Arena Bell were agents or employees of BDSC, or had any hiring authority, because Ms. Rowell has failed to allege the existence of any open position, and as discussed more fully in the Sony and CBS Brief, there was not and could not have been an adverse employment decision, the *sine qua non* to any employment discrimination or retaliation claim. *See, e.g., Brooks v. City of San Mateo*, 229 F.3d 917, 928-930 (9th Cir. 2000) (plaintiff's Title VII and FEHA retaliation claims failed for lack of actionable adverse employment action). Even assuming Ms. Rowell had established retaliatory intent on the part of BDSC, which she has not, intent alone cannot support her claim. *See, e.g., Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993) (stray remark by executive that "We don't want unpromotable fifty-year olds

4

around" did not result in viable age discrimination claim because it had no connection to any adverse employment action against the plaintiff).[3]

## VI.  CONCLUSION

For the reasons stated above, BDSC respectfully requests that this Court affirm the District Court's order.

## STATEMENT OF RELATED CASES

BDSC is not aware of any related case within the meaning of Circuit Rule 28-2.6.

RESPECTFULLY SUBMITTED this 27th day of November, 2017.

MITCHELL SILBERBERG & KNUPP LLP
JEAN P. NOGUES
BRIAN M. RAGEN

By: /s/ Jean P. Nogues
         Jean P. Nogues

Attorneys for Appellee BELL
DRAMATIC SERIAL COMPANY, L.P.

---

[3] Moreover, any FEHA claim based on statements allegedly made in 2010 and 2011 is untimely, as discussed in greater detail in the Sony and CBS Brief.

| 9th Circuit Case Number(s) | 17-55374 |

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system on (date)           .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Signature (use "s/" format)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system on (date)   November 27, 2017   .

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Robert F. Tyson Jr., Esq.
Tyson and Mendes LLP
5661 La Jolla Boulevard
La Jolla, CA 92037

Signature (use "s/" format)     s/ Jean Pierre Nogues


American LegalNet, Inc.
www.FormsWorkFlow.com